UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BENSON PHILIP GATU NJUGUNA     CIVIL ACTION NO. 6:20-CV-00560 SEC
#A203600958                                                                          P

VERSUS                                                                                JUDGE JUNEAU

ERIC STAIGER ET AL                         MAGISTRATE JUDGE HANNA

**ORDER**

      Before the Court are three motions brought by Petitioner, Benson Njuguna: (1) a Motion for Reconsideration regarding the Judgment on Report and Recommendations, Rec. Doc. [21]; (2) a Motion to Expedite Decision, Rec. Doc. [24]; and (3) an Amended Motion to Expedite Decision, Rec. Doc. [23]. The government has not opposed these motions, particularly the Motion for Reconsideration. After much consideration and a careful review of the record, the Court **GRANTS** these motions for the following reasons and with the following instructions for the parties.

      Pro se Petitioner moves for reconsideration of this Court's Judgment which adopted the magistrate judge's report and recommendation. Petitioner states that he timely submitted objections to the Report and Recommendation on June 15, 2020. The record indicates a two-week delay in the Court receiving the objections. The Court will treat the Motion for Reconsideration as a Motion to Alter or Amend

Judgment under Fed. R. Civ. Proc. 59 and 60. The federal rules give the Court discretion to alter and amend judgments so long as motions to do so are brought timely. Here, Petitioner moved for reconsideration 7 days after the Judgment.

Furthermore, reconsideration of the judgment has merit. Petitioner attempted in good faith to submit objections to the report and recommendation. Mail delays seem to explain the tardiness of the filing. A timely objection to the report and recommendation changes this Court's standard of review when considering an adoption of the report and recommendations. Petitioner also attaches evidence to his objection that calls into question the government's evidence regarding the safety measures of Petitioner's ICE facility—evidence that heavily influenced the magistrate judge's recommendation.

Given the unique circumstances presented by the COVID-19 pandemic and the new legal issues regarding the pandemic's effect on immigration detention, the Court finds that the interests of justice are best served by holding a limited evidentiary hearing. The Court will offer the following guidance to the parties because of the special nature of this case:

1. Although the Court will reconsider the magistrate judge's analysis of the merits of this case, the Court is inclined to agree with the <u>law</u> set out by the magistrate judge.

2. The parties should be prepared to present evidence and argument related to Pine Prairie ICE Processing Center's implementation of safety measures <u>AND</u> Petitioner's COVID-19 complication risks based on underlying or preexisting conditions.

3. The parties are encouraged to focus on the factors set forth in the magistrate judge's report and recommendation. Rec. Doc. [15], p. 14-15.

Accordingly, **IT IS ORDERED** that a limited evidentiary hearing on this matter take place August 25, 2020 at 9:30 a.m. Pretrial memoranda setting forth any exhibits, witnesses, and law shall be due August 18, 2020.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 28th day of July, 2020.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE